IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**KEITH CORNELL MCKINNEY,**

        **Movant,**

**v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**Case No. 3:16-cv-05598**
**Case No. 3:14-cr-00255-1**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

Movant, Keith Cornell McKinney (hereinafter "Defendant"), is presently serving a 72-month sentence, which was imposed on June 15, 2015, following his guilty plea to one count of knowingly and intentionally distributing a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). Defendant's sentence calculation included an enhancement under section 4B1.1 of the United States Sentencing Guidelines ("USSG") after the court found that he had at least two prior convictions that constituted either a crime of violence or a controlled substance offense.[1]

---

[1] The presiding District Judge found that Defendant qualified as a career offender due to a 2004 conviction for delivery/manufacture of under 50 grams of cocaine in the 6th Circuit Court in Pontiac, Michigan, and a 2007 conviction for assault with intent to do great bodily harm, less than murder, in the 3rd Circuit Court in Detroit, Michigan. (*Sentencing Tr.*, ECF No. 46 at 4; *Presentence Investigation Report* ("PSR"), ECF No. 37 at 10, ¶ 58 and 12, ¶ 64).

The career offender enhancement resulted in a proposed Guideline offense level of 32. After a three-level reduction for acceptance of responsibility, Defendant's total proposed Guideline offense level was 29, which resulted in a sentencing range of 151-188 months. However, the presiding District Judge varied downward from that range and sentenced Defendant to 72 months in prison, which was the sentence argued for by Defendant's counsel. Defendant's Judgment was entered on June 16, 2015. (ECF No. 35). Defendant did not appeal his conviction or sentence.[2]

On June 26, 2015 (10 days after Defendant's Judgment was entered), the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a new rule that applies retroactively to cases on collateral review.

On June 22, 2016, Defendant filed his initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 47) (hereinafter "initial section 2255 motion") which asserts that the decision in *Johnson* should be extended to the definition of a "crime of violence" under USSG § 4B1.2, and that Defendant should no longer be considered a career offender under USSG § 4B1.1. Although not specifically set forth in his motion, it appears that Defendant's *Johnson* claim amounts to an assertion that his

---

2   The defendant subsequently filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) based upon Amendment 782 of the USSG, which was denied on November 25, 2015. (ECF Nos. 41-43).

2007 assault conviction is not a "crime of violence" absent the residual clause.[3]    Thus, he asserts that he should be resentenced without the career offender enhancement, which would subject him to a lower sentencing range.

Subsequently, however, in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id*. at 892.    Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id*.

Since the filing of his initial section 2255 motion, the Defendant has filed several supplemental or amended motions and briefs, in which he repeats his request for resentencing without the career offender enhancement. (ECF Nos. 50-55).    Specifically, on April 9, 2018, Defendant filed three additional supplemental motion documents reiterating his *Johnson* claim and asserting that he is entitled to relief notwithstanding *Beckles*.    (ECF Nos. 50-52).

On May 7, 2018, Defendant filed yet another supplemental motion reiterating his argument that his career offender enhancement was erroneous under the vagueness doctrine (ECF No. 53).    The motion also cites to the Supreme Court's decision in *Sessions*

---

3    *Johnson* does not implicate Defendant's controlled substance predicate offense in any way and does not call into doubt his federal conviction.

3

*v. Dimaya*, 138 S. Ct. 1204 (2018), in which the Court extended the vagueness analysis in *Johnson* to the residual clause contained in 18 U.S.C. § 16(b). The supplemental motion also cites to the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) and *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). However, Defendant does not explain why he believes either *Simmons* or *Wheeler* entitles him relief under section 2255.[4]

On June 4, 2018, Defendant filed a supplemental brief repeating his arguments concerning his career offender enhancement. (ECF No. 54). Defendant further asserts, for the first time, that his prior conviction for delivery/manufacture of under 50 grams of cocaine was a "fraudulent case," because he was actually convicted of possession of cocaine under 50 grams in 2003 in Oakland County, Michigan.[5] Defendant again asserts

---

[4] In *Simmons*, the Fourth Circuit held that, for a prior felony conviction to qualify as a predicate offense for a sentencing enhancement, the individual defendant must have been convicted of an offense for which he or she could have been sentenced to a term exceeding one year.

In *Wheeler*, the Fourth Circuit ruled that a prisoner, who could not seek relief under section 2255, may use the "savings clause" contained in 28 U.S.C. § 2255(e) to challenge a sentencing error that amounts to a "miscarriage of justice" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Wheeler* involved a statutory enhancement under 21 U.S.C. § 841(b)(1)(B), which exposed Wheeler to a mandatory minimum sentence. The Court determined that Wheeler's prior North Carolina conviction for cocaine possession was not a "felony drug offense," as defined under 21 U.S.C. § 802(44), and that the erroneous application of the enhancement constituted a miscarriage of justice that warranted remedy under the savings clause.

In addition to all of the motions filed herein, Defendant subsequently filed a section 2241 petition seeking resentencing without his career offender enhancement based upon *Simmons* and *Wheeler*. That petition will be separately addressed.

[5] According to his PSR, Defendant was charged with delivery/manufacture of cocaine under 50 grams in the 6th Circuit Court in Pontiac (Oakland County), Michigan on November 5, 2003, to which he pled guilty on March 15, 2004. Defendant refers to this conviction as his "2003 conviction." However, because he was found guilty of that offense in 2004, the undersigned refers to that conviction herein as the "2004 conviction." According to the PSR, Defendant was also convicted of possession of less than 25 grams of cocaine and possession of marijuana in the 7th Circuit Court in Flint (Genessee County), Michigan. He was arrested on those charges on April 2, 2004, but pled guilty on January 6, 2005. The undersigned refers herein to that conviction as the "2005 conviction."

4

that the decisions in *Simmons* and *Wheeler* support his claim that a previous possession conviction does not support the career offender enhancement.    (*Id.*)

On June 22, 2018, Defendant filed yet another motion, which was treated as a Motion to Amend[6], asserting for the first time that his counsel provided ineffective assistance because he failed to challenge Defendant's career offender enhancement, including the failure to object to the prior drug offense used to qualify him as a career offender, which Defendant now contends was a "false charge."    (ECF No. 55).

Because it is apparent from the face of Defendant's filings that he is not entitled to relief under section 2255, the respondent has not been required to file a response to any of these motion documents.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established a one-year period of limitation for filing motions for collateral relief under 28 U.S.C. § 2255, which runs from the latest of one of four specified events:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

6  When Defendant filed this motion, the Clerk's Office initially opened a new civil action (No. 3:18-cv-01070), treating it as a new section 2255 motion.  However, because Defendant's initial section 2255 motion was still pending, this motion must be treated as a proposed amendment to his initial motion. Accordingly, the presiding District Judge entered an Order directing that the second civil action be closed and that this motion be filed in the instant civil action as a motion to amend the initial section 2255 motion.

> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).   Movant's Judgment was entered on June 16, 2015, and his sentence became final fourteen days later (June 30, 2015) when he did not file a Notice of Appeal. Thus, under section 2255(f)(1), the deadline for Defendant to file a timely section 2255 motion was June 30, 2016.   He filed his initial section 2255 motion on June 22, 2016; thus, the initial motion, which raises only the *Johnson* claim, is timely under section 2255(f)(1).

However, in light of *Beckles,* Defendant is not entitled to any relief based upon *Johnson* because his career offender enhancement was rendered under an advisory guideline, which is not subject to a vagueness challenge.   *See also United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a Guideline sentence thereunder).   Therefore, *Johnson* is inapplicable to his case and affords him no relief.

Nor does *Dimaya* help Defendant.   In *Dimaya*, the Supreme Court addressed the residual clause of 18 U.S.C. § 16(b), which defines a "crime of violence" as applied in the Immigration and Nationality Act.   Because *Dimaya* addressed another statutory provision, and not the Sentencing Guidelines, nothing therein altered the Supreme Court's decision in *Beckles*.   Thus, *Beckles* still forecloses Defendant's claim.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any relief under section 2255 based upon the Supreme

Court's decisions in *Johnson* or *Dimaya*.

Concerning Defendant's additional claims that use of his 2004 drug conviction as a predicate offense for his career offender enhancement was a "fraudulent case" and that his counsel provided ineffective assistance of counsel in failing to challenge the use of that conviction to support the enhancement, those claims are clearly untimely.   The alleged erroneous application of the career offender enhancement on that basis should have been raised in a direct appeal to the Fourth Circuit and is likely waived.   Moreover, any claim of ineffective assistance of counsel related thereto should have been asserted in Defendant's initial section 2255 motion.   These claims were asserted nearly three years after Defendant's Judgment became final and two years after he filed his initial section 2255 motion.   Moreover, these claims do not directly relate to the *Johnson* claim asserted in his initial section 2255 motion.   Thus, they are untimely amendments.

Moreover, even if the Defendant could demonstrate that these amendments are timely, it appears that those claims lack merit.   Defendant asserts that his 2004 Michigan drug conviction that was used as a predicate offense for the career offender enhancement does not meet the definition of a "controlled substance offense" under that guideline. Defendant contends that he was only convicted of a possession offense that did not include any element of delivery in order to meet the guideline definition of a "controlled substance offense" under USSG § 4B1.2(b).[7]

---

7   USSG § 4B1.2(b) defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribution, or dispense."

To the extent that Defendant's supplemental/amended filings cite to *Simmons*, which was decided four years before Defendant was sentenced, he may be asserting that his 2004 drug conviction cannot qualify as a controlled substance offense because he was not sentenced to serve more than a year in custody for that conviction.   While it is true that Defendant was placed on probation for that offense, the potential sentence for such an offense is not less than one year or more than 20 years in prison or probation for life. *See* MICH. COMP. LAWS. ANN. § 333.7401(2)(iv) (2003).   Thus, Defendant could have been sentenced to more than one year and his predicate offense qualifies as a controlled substance offense under the career offender guideline.   Accordingly, *Simmons* provides him no relief.

It further appears that Defendant may be confusing his 2004 conviction for delivery/manufacture of under 50 grams of cocaine in Pontiac, Michigan (¶ 58 of his PSR) with his 2005 conviction for possession of less than 25 grams of cocaine in Flint, Michigan (¶ 60 of his PSR).   While the latter is a crime of simple possession that does not qualify as a predicate offense for the career offender enhancement, the former delivery/manufacture conviction does.   It is clear from the record that the presiding District Judge relied upon the 2004 conviction in applying the career offender enhancement and Defendant has not demonstrated any evidence to show that his 2004 conviction was not what is set forth in his PSR.

However, even if Defendant could demonstrate that the career offender enhancement was erroneously applied in his case, "the Fourth Circuit has held that 'a mistaken career offender designation [under the Guidelines] is not cognizable on collateral review,' unless a conviction underlying the career offender designation is

subsequently vacated, altering the defendant's Guidelines range."   Proposed Findings and Recommendation, *Montgomery v. United States*, No. 2:14-cv-16267, 2015 WL 13722832, at *7 (S.D. W.Va. Oct. 20, 2015), citing *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)); *see also United States v. Dorsey*, 611 F. App'x 767, 770 (4th Cir. 2015); *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) ("errors in guideline interpretation or application ordinarily fall short of a miscarriage of justice.")   Thus, even a misapplication of the career offender enhancement under the advisory guidelines based upon the circumstances presented herein is not cognizable in this section 2255 proceeding.   That finding further negates any relief under *Wheeler*, because Defendant cannot establish that his sentence resulted in a miscarriage of justice.[8]

## **RECOMMENDATION**

For all of these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 47) and the proposed amendments/supplements thereto (ECF Nos. 50-55), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge.   Pursuant to the provisions of Title 28, United States Code,

---

8   Defendant has also filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Case No. 3:18-cv-00563), repeating the arguments made herein, which has been addressed in a separate Proposed Findings and Recommendation filed this same day.

Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is requested to mail a copy of this Proposed Findings and Recommendation to Defendant and to transmit a copy to counsel of record.

June 27, 2019

Dwane L. Tinsley
United States Magistrate Judge